IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES DOLEMAN, )
)
    Plaintiff, )
)
) CIV-11-242-W
v. )
)
MICHAEL J. ASTRUE, )
  Commissioner of Social Security )
   Administration, )
)
    Defendant. )

REPORT AND RECOMMENDATION

Plaintiff, who appears *pro se*, filed this action on March 7, 2011, seeking judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for disability benefits.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the action be dismissed without prejudice.

Rule 4(m) states, in relevant part:

If service of the summons and complaint is not made upon a

---

[1] It is unclear from the hand-written Complaint whether Plaintiff's application was filed under Title II or Title XVI, or both, of the Social Security Act. It is also unclear from the Complaint whether Plaintiff has satisfied the requirements of 42 U.S.C. § 405(g) with respect to the timely filing of his action. He alleges only that he appeared before an administrative law judge for a hearing conducted on September 24, 2008, and that on December 3, 2008, he appealed the adverse decision of the administrative law judge.

1

> defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

On August 8, 2011, the undersigned entered an order advising Plaintiff that a dismissal of his action would be recommended under Fed. R. Civ. P. 4(m) unless he showed cause on or before August 29, 2011, for his failure to effect service of process upon Defendant as required by Fed. R. Civ. P. 4(i). On August 24, 2011, Plaintiff filed a letter in this action stating that he had served the U.S. Attorney General and the Oklahoma Attorney General and that he was seeking the assistance of counsel. However, in this letter Plaintiff does not explain his failure to effect timely service of process on the Defendant as required by Fed. R. Civ. P. 4(i) or request additional time to complete the requirements for obtaining service of process upon Defendant. Consequently, Plaintiff has not shown good cause for a mandatory extension of time to serve the Defendant.

Notwithstanding the absence of a showing of good cause for the failure to timely serve the Defendant, the Court must still consider whether a permissive extension of time to complete service of process is warranted. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Three factors are relevant to this inquiry: (1) the statute of limitations; (2) possible complications involving service on the United States; and (3) evasion of service. Id. at 842.

This action has been pending in this Court for five months. During this period of time, Plaintiff has been notified that he has not completed service of process upon Defendant and, in the same Order, because of the complicated measures required to obtain service of process upon Defendant Plaintiff was advised of the procedural rule which governs service of process upon Defendant. Plaintiff has not provided sufficient information to allow the Court to determine whether the statute of limitations has expired or even whether his Complaint was timely filed under 42 U.S.C. § 405(g). There is no indication that Defendant has evaded service. Under these circumstances, Plaintiff is not entitled to a permissive extension of time in order to effect proper service of process upon Defendant.

RECOMMENDATION

In view of the foregoing findings, it is recommended that the action be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before   September 20th  , 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this    31st    day of      August     , 2011.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE