IN THE UNITED STATES DISTRICT COURT FOR 
THE WESTERN DISTRICT OF OKLAHOMA

SEP 2 0 2011

JAMES DOLEMAN JR.,  )
 )  ROBERT D. DENNIS, CLERK
Plaintiff,  )  U.S. DIST. COURT, WESTERN DIST. OF OKLA.
 )  BY _twh_ DEPUTY
vs.  )  No. CIV-11-242-W
 )
MICHAEL J. ASTRUE, Commissioner  )
of Social Security Administration,  )
 )
Defendant.  )

## ORDER

On August 31, 2011, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the action be dismissed without prejudice for failure to timely serve the defendant, Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"). Doleman, who is proceeding pro se, was advised of his right to object, and the matter now comes before the Court on Doleman's Objection to the Report and Recommendation. See Doc. 15.

Doleman filed this action on March 7, 2011, under either Title II or Title XVI, or both, of the Social Security Act. See Doc. 1. On June 2, 2011, Doleman filed a certified mail receipt indicating service on the Commissioner, see Doc. 5, a certified mail receipt indicating service on "The General Counsel SSA," see Doc. 6, and a certified mail receipt indicating service on United States Attorney General Eric Holder, Jr. See Doc. 7.

In an Order dated August 8, 2011, Magistrate Judge Purcell found that Doleman had not completed service on the Commissioner as required by Rule 4(i), F.R.Civ.P. See Doc. 8. Doleman was advised that if he could not show good cause for his failure to serve

the Commissioner, Magistrate Judge Purcell would recommend that the Court dismiss the matter without prejudice to refiling. See id.

By letter dated August 11, 2011, Doleman conceded that he had "requested a summons for the wrong Attorney General." Doc. 9 at 1. He then caused summons to issue to E. Scott Pruitt, Attorney General for the State of Oklahoma. See Docs. 10, 12.

In his Report and Recommendation issued on August 31, 2011, Magistrate Judge Purcell found that Doleman had not established good cause for his failure to effect timely service of process on the Commissioner and further found, after consideration of the factors[1] set forth in Espinoza v. United States, 52 F.3d 838 (10th Cir. 1995), that Doleman was not entitled to a permissive extension of time to complete service.

Rule 4(i), F.R.Civ.P., to which Magistrate Judge Purcell had referred in his Order dated August 8, 2011, provides the method and manner of serving the United States, its agencies, corporations, officers and employees. Rule 4(i)(1), supra, reads:

> (1) To serve the United States, a party must
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or
>
> (ii) send a copy of each by . . . certified mail addressed to the civil-process clerk at the United States attorney's office; [and]

---

[1] In Espinoza v. United States, 52 F.3d 838 (10th Cir. 1995), the United States Court of Appeals for the Tenth Circuit set forth several factors that should guide the Court's determination of whether a permissive extension of time is warranted. These factors include whether "'the applicable statute of limitations would bar the refiled action,'" id. at 842 (quotation omitted), and whether the case involves the complicated service issues that arise when the United States is a defendant. E.g., id. Also relevant to the Court's inquiry in some cases, but not in the instant case, is whether the defendant has attempted to evade service. E.g., Rule 4(m), Advisory Committee Note (1993 amendments).

> (B) send a copy of each by . . . certified mail to the Attorney General of the United States at Washington, D.C. . . .

Rule 4(i)(1), supra.

Rule 4(i)(2), supra, provides further that

> to serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States [in the manner prescribed in Rule 4(i)(1), supra,] and also send a copy of the summons and of the complaint by . . . certified mail to the agency, corporation, officer, or employee.

Rule 4(i)(2), supra.

Pursuant to these rules, Doleman was required to serve the Commissioner, United States Attorney General Holder and Sanford Coats, the United States Attorney for the Western District of Oklahoma–the judicial district in which this case was brought. E.g., Edwards v. Potter, 57 Fed. Appx. 844 (10th Cir. 2003)(to effect service of process on agency or officer of the United States acting in an official capacity, plaintiff must deliver copy of summons and complaint to United States Attorney for the district in which suit is brought (or send copy of each by certified mail to civil-process clerk of that office) and send copy of summons and complaint by certified mail to both Attorney General of the United States and applicable officer or agency).

Rule 4(m), F.R.Civ.P., which Magistrate Judge Purcell also had cited in both his Order dated August 8, 2011, and his Report and Recommendation, provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

3

Rule 4(m), supra.

In Espinoza, the United States Court of Appeals for the Tenth Circuit addressed Rule 4(m) and stated that the district court should engage in a two-step analysis for determining whether a extension of time should be granted when a plaintiff has not timely served a defendant. First, the district court should consider whether the plaintiff has established good cause for his failure to effect timely service, e.g., 52 F.3d at 841, and if good cause is shown, the district court must grant the plaintiff a mandatory extension of time.

In those instances where the plaintiff has failed to show good cause, the district court "must still consider whether a permissive extension of time may be warranted." Id. Depending upon the circumstances of the case, the Court "[a]t that point . . . may in its discretion either dismiss the case without prejudice or extend the time for service." Id.

Doleman has not established "good cause" for his failure to serve the defendant as that term is defined in this instance. E.g., Putnam v. Morris, 833 F.2d 903 (10th Cir. 1987) (mistake or ignorance of rules does not constitute good cause). Thus, Doleman is not entitled to a mandatory extension of time to serve the defendant.

The Court must therefore determine whether Doleman is entitled to a permissive extension of time. In light of Doleman's diligent attempt to cure the defect in service and Rule 4's "solicitous attitude toward plaintiffs faced with 'the complex requirements of multiple service' [on the United States] under Rule 4(i)," Espinoza, 52 F.3d at 842, the Court finds that these factors coupled with Doleman's pro se status require that Doleman be permitted some additional time to effect service on the Commissioner.

4

Accordingly, the Court in its discretion

(1) DECLINES to adopt the Report and Recommendation [Doc. 14] issued on August 31, 2011;

(2) GRANTS Doleman thirty (30) days from this date to complete proper service on the defendant and to file proof of service with the Court; and

(3) ADVISES Doleman that his failure to complete proper service within this extended time limit will result in dismissal of this matter without prejudice.

ENTERED this 20th day of September, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

5