IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES DOLEMAN,                          )
                                        )
            Plaintiff,                  )
                                        )
                                        )     CIV-11-242-W
v.                                      )
                                        )
MICHAEL J. ASTRUE,                      )
  Commissioner of Social Security       )
   Administration,                      )
                                        )
            Defendant.                  )

SUPPLEMENTAL REPORT AND RECOMMENDATION

        Plaintiff, who appears *pro se*, seeks judicial review pursuant to 42 U.S.C. § 405(g) of

the final decision of Defendant Commissioner denying his application for disability insurance

benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1382.  Defendant

has answered the Complaint and filed the administrative record (hereinafter TR___), and the

parties have briefed the issues.   The matter has been referred to the undersigned Magistrate

Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).   For the following

reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

        In his application for benefits filed February 2, 2006, Plaintiff alleged that he became

disabled on January 31, 2006. (TR 102-104).   At that time, Plaintiff was 35 years old.

Plaintiff was employed by the United States Army from October 1990 until his medical-

related retirement in January 2006. (TR 102, 104).  He previously worked as a chemical

1

specialist and as a logistics equipment supplier. (TR 128).  Plaintiff alleged that he was

unable to work beginning January 31, 2006, due to degenerative disc disease in his lumbar

and cervical spines, degenerative joint disease in his knees, arthritis in his left wrist, and

"ligament damage" in his right ankle. (TR 127).  Plaintiff described his usual daily activities,

which included taking his minor daughter to a playground for 45 minutes to one hour,

attending vocational rehabilitation training for approximately three hours, visiting a library,

performing some home maintenance chores such as vacuuming and washing dishes, light

grocery shopping, and talking to family members by phone. (TR 134-141).  Plaintiff

estimated he could lift 30 pounds, walk for 20 minutes, and stand for 15 to 20 minutes

without pain. (TR 139).

Plaintiff's application was administratively denied on initial and reconsideration

reviews. (TR 39, 40).  With his administrative appeal, Plaintiff stated that he was using a

cane due to left leg pain and that he had been diagnosed with fibromyalgia. (TR 160).

Plaintiff also stated that he was participating in a vocational rehabilitation program and

attending a university. (TR 163).   At Plaintiff's request, a hearing *de novo* was conducted

before Administrative Law Judge Moser ("ALJ") on September 24, 2008. (TR 17-38).

Although Plaintiff was advised before and during the hearing of his right to representation,

Plaintiff expressly waived that right. (TR 17, 18, 171).

Plaintiff testified at the hearing that he was attending college full-time with the intent

to obtain a degree in 2010 in multimedia instructional design. (TR 21, 27).  Plaintiff testified

that he lived with his wife and two minor children (aged 2 and 4) and that his wife worked

although her job "hinder[ed his] school . . . ." (TR 28).  Plaintiff described his previous jobs

and testified that he injured his neck in an accident in 1992 and injured his left knee in 1995.

(TR 22-23).  He stated he had undergone arthroscopic and reconstructive surgery on his right

knee in 1995 and had been advised he needed replacement surgeries on both knees. (TR 24-

25).  Plaintiff testified he had been diagnosed with fibromyalgia by a rheumatologist after

he left the Army. (TR 25).  He stated he had undergone surgery in 2003 to repair a herniated

disc in his cervical spine but he continued to have sharp pains, headaches, and muscle spasms

in his upper body and neck. (TR 25-26).  Plaintiff testified he also had stenosis at one level

in his lumbar spine along with bulging discs and "pinched nerves." (TR 26).

    Plaintiff estimated he could stand for 20 minutes at a time and then must sit down,

walk about two miles, sit for an unlimited period of time in a supportive chair, lift 25 pounds

repetitively, lift 75 pounds occasionally, climb stairs occasionally, kneel "[t]o a certain

extent" but not all the way down, and could not crawl. (TR 26-27, 29).  Plaintiff stated he had

applied for jobs after retiring from the Army but found he needed a college degree for the

jobs he desired or in which he had experience. (TR 27).  He testified he was rated 90%

disabled by the Army. (TR 28-29).  Finally, Plaintiff testified that he took medication for a

glandular deficiency and used a CPAP machine for sleep apnea disorder. (TR 28, 30).  A

vocational expert ("VE") also testified at the hearing. (TR 30-38).

    Following the hearing, the ALJ issued a decision in which the ALJ found that Plaintiff

was not disabled within the meaning of the Social Security Act. (TR 8-14).  Plaintiff

appealed this decision to the Appeals Council and submitted additional medical evidence.

(TR 192, 682, 687).  The Appeals Council declined to review the ALJ's decision. (TR 1-4).

II. <u>Standard of Review</u>

Plaintiff now seeks judicial review of the final decision of the Defendant Commissioner embodied in the ALJ's determination.  Judicial review of a decision by the Commissioner is limited to a determination of whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  <u>Wilson v. Astrue</u>, 602 F.3d 1136, 1140 (10th Cir. 2010); <u>Doyal v. Barnhart</u>, 331 F.3d 758, 760 (10th Cir. 2003).  The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." <u>Wall v. Astrue</u>, 561 F.3d 1048, 1052 (10th Cir. 2009)(citations, internal quotation marks, and brackets omitted).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i).  The Commissioner follows a five-step sequential evaluation procedure to determine whether a claimant is disabled. <u>Doyal</u>, 331 F.3d at 760. In the first four steps of this process, the claimant has the burden of establishing a prima facie case of disability. <u>Id.</u>  In this case, Plaintiff's claim was denied at step five.  At the fifth and final step of the requisite sequential evaluation process, the burden shifts to the Commissioner "to show that the claimant retains sufficient [residual

functional capacity] . . . to perform work in the national economy, given [his or] her age, education and work experience." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007)(internal quotation and citation omitted).

III. Plaintiff's Claims

In a two-page, unsigned opening brief, Plaintiff describes his allegedly disabling impairments, including fibromyalgia, degenerative disc disease, degenerative joint disease in his knees, chronic pain syndrome, sleep apnea, cervical nerve damage, and chronic fatigue syndrome.  Plaintiff asserts that he satisfied his burden of showing he is disabled due to his impairments and that he must take pain and muscle relaxant medications on a daily basis in order to function.  Plaintiff's Brief, at 1.[1]  Plaintiff further asserts that he was denied disability benefits "solely on my age" and also contends that the agency did not fully consider that he "served all 15 years of my military career in combat arms which is an extremely physical and demanding job." Plaintiff's Brief, at 1-2.

In Plaintiff's unsigned Reply Brief, Plaintiff somewhat clarifies his arguments. Plaintiff first contends in his Reply Brief that the ALJ erred in failing to find that he has a severe impairment due to fibromyalgia.  Plaintiff next contends that the ALJ did not fully consider the combination of this severe impairment and his other impairments due to cervical and lumbar disc disease and osteoarthritis in both knees.  Plaintiff also contends that the ALJ

---

[1]Plaintiff's assertions in his briefs that the Commissioner has attempted to mislead or deceive the Court or has "fabricat[ed]" evidence are not well taken.  Plaintiff is reminded that such unsupported attacks upon the integrity of an opposing party have no place in the judicial system.

erred in failing to find that he satisfied the agency's Listing of Impairments at the third step of the sequential evaluation process when his impairments are considered in combination with his pain and fibromyalgia impairment. Finally, giving a generous construction to his *pro se* brief[2], Plaintiff challenges whether there is substantial evidence in the record to support the Commissioner's decision.

Before analyzing these issues, the undersigned notes that in his Reply Brief Plaintiff makes several statements indicating Plaintiff would have benefitted from representation before and during the administrative hearing. However, Plaintiff voluntarily and knowingly waived his right to have the assistance of a representative, and his belated desire to be "[g]iven more time" to provide evidence to the Commissioner in support of his disability claim does not warrant a reversal of the Commissioner's decision. Plaintiff's Reply, at 6.

Moreover, it is not the function of this Court to conduct either a *de novo* review of the administrative decision or to consider additional medical or non-medical evidence not presented to the Commissioner prior to the Commissioner's final decision. Thus, Plaintiff's statements and evidentiary documents attached to his briefs will not be considered except to the extent the arguments challenge specific portions of the ALJ's decision and address medical and non-medical evidence appearing in the administrative record.

IV. The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful

---

[2]See Haines v. Kerner, 404 U.S. 519 (1972).

activity since his alleged disability onset date of January 31, 2006. (TR 10).  At step two, the

ALJ found that Plaintiff had severe impairments due to cervical disc disease, lumbar disc

disease, osteoarthritis in both knees, hypertension, and obesity. (TR 10).  At the third step,

the ALJ found that Plaintiff's impairments did not meet or medically equal one of the

impairments listed in the agency's Listing of Impairments and deemed disabling *per se*. (TR

10.  At step four, the ALJ found that despite Plaintiff's severe impairments Plaintiff had the

residual functional capacity ("RFC") to perform work at the light exertional level[3]  except

that he can only occasionally climb, balance, stoop, crouch, kneel, or crawl, and he requires

a sit/stand option. (TR 10).

In connection with these findings, the ALJ recognized that Plaintiff was alleging

disability due to neck and back problems, knee pain, and fibromyalgia. (TR 11).  The ALJ

further recognized that Plaintiff had been found to be eligible for disability benefits by the

Department of Veterans Affairs and that Plaintiff had provided lay witness statements. (TR

11).

At step four, the ALJ considered the credibility of Plaintiff's allegations of disabling

pain and nonexertional impairments and found that Plaintiff had "medically determinable

impairments [which] could reasonably be expected to cause some of the alleged symptoms"

but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of

---

[3]Light work is defined as work involving lifting objects weighing up to 20 pounds at a time, frequently lifting or carrying objects weighing up to 10 pounds, and mostly walking or standing, or sitting with pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b).

these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." (TR 12). The ALJ then accurately summarized the objective medical evidence and found that Plaintiff "understandably has some limitation, but to his credit, . . . he appears to be functioning relatively well and attending school full time in order to obtain lighter duty work." (TR 12).  The ALJ found that the RFC assessment was "supported by objective medical evidence, the State agency medical consultants opinions and is not inconsistent with the claimant's statements regarding . . . his abilities and activities." (TR 12).

Considering the VE's testimony concerning the requirements of Plaintiff's previous jobs, the ALJ found that Plaintiff was unable to perform his past relevant work in light of the RFC assessment.  At the fifth and final step of the sequential evaluation process, the ALJ found that Plaintiff was a "younger" individual with a high school education and with acquired work skills from previous jobs. (TR 12-13).  Considering Plaintiff's vocational characteristics (age, education, work experience, and RFC) and relying on the VE's testimony concerning the availability of jobs for an individual with these characteristics, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act because there were jobs available in the national economy which he could perform, including the jobs of claims clerk, industrial order clerk, and repair order clerk. (TR 13).

V. Step Two - Severe Impairments

Plaintiff alleges that the ALJ erred by failing to find at step two that Plaintiff has a severe impairment due to fibromyalgia.  The ALJ found at step two that Plaintiff had several severe impairments but did not include fibromyalgia among those impairments.  Even

assuming the ALJ erred in not finding that Plaintiff had a severe impairment due to fibromyalgia, however, an error at step two concerning the severity of an impairment is generally harmless when the ALJ, as he did here, found other impairments were severe and proceeded to consider the remaining steps of the sequential evaluation.  See Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008)("[A]ny error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.").  Because the ALJ did not stop at step two of the sequential process but continued to consider the evidence in connection with the ensuing steps, any error in the ALJ's failure to find Plaintiff had a severe impairment due to fibromyalgia at step two is harmless.

At step four the ALJ is required to consider the effect of all of a claimant's medically determinable impairments, severe or not, in determining the claimant's RFC for work. See 20 C.F.R. § 404.1523.  Thus, it is necessary to determine whether the ALJ complied with this regulation at the fourth step.  The ALJ noted at step four that "[t]he evidence shows some question of connective tissue disorder.  ANA was positive on one test.  However, on June 9, 2006, Dr. Reyes reports that ANA was negative and rheumatoid factor was also negative. He felt there was no rheumatoid arthritis or lupus, but indicated probable fibromyalgia (Exhibit 6F)." (TR 12).  Plaintiff points to no other evidence in the record documenting treatment for fibromyalgia.  Thus, the ALJ considered the medical evidence with respect to fibromyalgia, and no error occurred in this regard.

VI. <u>Steps Three and Four</u>

Plaintiff contends that the ALJ erred in failing to find him disabled *per se* under the agency's Listing of Impairments at step three.  However, Plaintiff does not identify a specific Listing or medical evidence showing that he has an impairment which satisfies or equals the findings required to meet a Listing.   Rather, Plaintiff suggests that his musculoskeletal impairments satisfy the requirements of 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00(2)(d). This is not a Listing.  Rather, this regulation directs administrative factfinders to consider the effect upon a claimant of pain-causing impairments and explains the proper evaluation of pain-causing impairments.  As the ALJ recognized, Plaintiff had pain-causing impairments but also found that Plaintiff's allegations of severe, disabling pain were not entirely credible and that Plaintiff's nonexertional impairments due to pain and pain-causing impairments did not prevent Plaintiff from performing all work activity.  Plaintiff has not pointed to specific evidence in the record that is inconsistent with the ALJ's credibility determination.

Moreover, Plaintiff also does not point to any specific medical evidence in the record showing that his severe and non-severe impairments  resulted in functional limitations that were inconsistent with the ALJ's RFC finding.  In fact,  Plaintiff's own statements in the record and testimony at the administrative hearing show he was capable of lifting objects consistent with the ability to perform light work. Plaintiff provided the Appeals Council with a letter from his treating physician, Dr. Anderson, dated January 12, 2009, in which Dr. Anderson states that Plaintiff was unable to lift 30 pounds on a frequent basis.  (TR 684). This limitation is not inconsistent with the ability to perform light work.  Further, the ALJ

10

recognized that Plaintiff would need a sit/stand option which is consistent with Plaintiff's statements at the administrative hearing that he could sit and stand but needed to alternate these positions at times to relieve his back and neck pain.  Plaintiff testified at the hearing that he was attending college full-time, and the only specific accommodation made for him by the school was the provision of supportive chair.  No error occurred with respect to the ALJ's evaluation of the evidence at steps three and four.

## VII. <u>Step Five</u>

At the fifth and final step of the requisite sequential evaluation process, the burden shifts to the Commissioner "to show that the claimant retains sufficient RFC . . . to perform work in the national economy, given her age, education and work experience." <u>Lax v. Astrue</u>, 489 F.3d 1080, 1084 (10th Cir. 2007)(internal quotation and citation omitted).   Plaintiff alleges that there is not substantial evidence to support this decision because he uses a cane, a lift in his right shoe due to leg length differences in his right and left legs, he uses a back brace, he intends to work from home when he graduates from college, he is unable to bend to lift anything at least 3 times a week, he must take pain and muscle relaxant medication on a daily basis, and "[i]f Plaintiff stood for 20 mins. Plaintiff would not be able to do anything else for that day or the next . . . ." Plaintiff's Reply Brief, at 5-6.  Plaintiff does not point to any specific medical evidence in the record that is inconsistent with the ALJ's step five finding that there are jobs available that Plaintiff can perform despite his impairments.

Plaintiff has attached to his Reply Brief two doctor's statements, Exhibits A and D, that post-date the Commissioner's decision in this matter and will not be considered.

Plaintiff has also attached to his Reply Brief a copy of an "individual sick slip" form signed by Dr. Anderson and dated sometime in 2009 (the date is illegible) indicating that Plaintiff could not perform "lifting over 30 pounds," "no repetitive lifting," "no standing more than 20 minutes," and "no kneeling, crawling or prolonged walking." Plaintiff's Reply Brief, Ex. B.  Plaintiff provided this document to the Appeals Council. (TR 687).   Although the Appeals Council stated that it had reviewed the documents submitted to it by Plaintiff, the Appeals Council did not specifically address this document in its order denying Plaintiff's request for review. (TR 1-4).   It appears, however, that the Appeals Council rejected the doctor's opinion because it found the "information" provided by Plaintiff did not "provide a basis for changing the [ALJ's] decision." (TR 2).   The form provided by Plaintiff does not include any statement indicating that the limitations described on the form would last longer than the requisite 12-month period.  See 20 C.F.R. § 404.1505 (defining disability as inability to perform any substantial gainful activity for a continuous period of not less than 12 months).  Nor does the document provide medical findings to support the limitations set forth on the form.  For these reasons, the Appeals Council did not err by rejecting the opinion or further evaluating the opinion under the standard established in Watkins v. Barnhart, 350 F.3d 1297 (10th Cir. 2003).  See Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988)(holding "a treating physician's report may be rejected if it is brief, conclusory and unsupported by medical evidence").

The medical record includes a report of x-rays of Plaintiff's knees in August 2005 showing no significant degenerative changes were present. (TR 499).  The ALJ's decision

reflects consideration of medical evidence indicating the presence of pain caused by osteoarthritis in both knees. (TR 12, 460). The ALJ's decision reflects consideration of the results of MRI testing of Plaintiff's cervical and lumbar spines. (TR 12). In a consultative physical examination conducted in April 2006, Plaintiff exhibited near normal upper and lower extremity strength and grip strength, normal hand skills, normal posture, and steady gait without antalgic lean. (TR 459-460). Plaintiff exhibited some reduced range of motion in his cervical and lumbar spines due to pain, but consultative medical experts opined in May 2006 and January 2007 that Plaintiff had the ability to perform light work with some postural limitations despite his pain. (TR 464, 466-467, 679). Another consultative examiner, Dr. Reyes, noted that in a physical examination of Plaintiff conducted in June 2006, Plaintiff exhibited slow but stable gait. (TR 473-474). Dr. Reyes noted that Plaintiff described "multiple joint and body pains" with "associated symptoms of fatigue, sleep disturbances, headaches, and bowel disturbances and the findings of tender points on physical examination" indicating possible fibromyalgia, for which the physician recommended muscle relaxant medication and "some aerobic exercise program." (TR 474). Plaintiff's treating physician, Dr. Anderson, noted in August 2006 that Plaintiff was prescribed muscle relaxant medication and narcotic pain medication on an as-needed basis for lumbar radiculopathy, cervical radiculopathy, and fibromyalgia. (Ex. 8F, at 67).

Plaintiff testified that he could repetitively lift 25 pounds, and he stated he could stand for 20 minutes and walk for two miles. (TR 26, 29). He attended college on a full-time basis, he drove to school and walked to his classes, and he intended to work when he

graduated.  In a letter addressed to the Department of Veterans Affairs and dated August 21, 2008, a professor of Plaintiff's stated that he had "never missed more than three class periods" in a semester. (TR 177).  Plaintiff was provided a special table or chair as the only accommodation made by the college for his physical limitations. (TR 184).  Although it is clear that Plaintiff experiences some pain in his neck, back, and knees, "disability requires more than mere inability to work without pain.  To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988)(quotation and alteration omitted).  The ALJ correctly noted that despite Plaintiff's pain "he appears to be functioning relatively well and attending school full time in order to obtain lighter duty work." (TR 12).

In a hypothetical inquiry posed to the VE, the ALJ described an individual with generally the same functional limitations that Plaintiff described at the hearing, and the ALJ included a sit/stand option in the hypothetical. (TR 35).  The VE testified that an individual with these functional limitations could perform the sedentary job of claims clerk, the sedentary job of industrial order clerk, and the sedentary job of repair order clerk. (TR 35-36).  There is substantial evidence in the record to support the Commissioner's decision, and the decision should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's application for benefits.

14

The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court on or before _____May 29th_____, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this _____8th_____ day of _____May_____, 2012.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE