IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

JUN 21 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

| | |
|---|---|
| JAMES DOLEMAN JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-11-242-W |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On May 8, 2012, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation in this matter and recommended that the decision of the defendant, Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), denying the Application for Disability Insurance Benefits filed by plaintiff James Doleman Jr. be affirmed. Doleman, who is proceeding pro se, was advised of his right to file objections to the Report and Recommendation, and the matter now comes before the Court on Doleman's Objection to Supplemental Report and Recommendation [Doc. 37].

Under the relevant evidentiary standard of review, the Court is limited to determining whether the Commissioner's decision is substantially supported by the evidence in the record. "Substantial evidence" is "'more than a scintilla.'" Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(quotation and further citation omitted). It is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quotation and further citation omitted). In reviewing the record to make the substantial evidence determination, the Court may neither reweigh the evidence, nor substitute its

judgment for the Commissioner's judgment. On matters involving the credibility of witnesses, the Court must defer to the Commissioner.

The Court has applied these standards to this case and has reviewed the record de novo, including those issues related to Doleman's fibromyalgia and his age, and those issues related to whether the Commissioner met his burden at step five of the five-step sequential evaluation process for determining disability. E.g., Barnhart v. Thomas, 540 U.S. 20, 25 (2003)(at step five, burden shifts to Commissioner to show by substantial evidence that claimant, given his residual functional capacity, age, education and work experience, is capable of performing other jobs existing in significant numbers in national economy).

In so doing, the Court finds no error has occurred warranting the requested relief. The Court concurs with Magistrate Judge Purcell's suggested disposition of this matter and his findings that the Commissioner's relevant factual findings are supported by substantial evidence in light of the entire record and that the Commissioner applied the correct legal standards. E.g., O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994).

Accordingly, the Court

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 36] issued on May 8, 2012;

(2) AFFIRMS the Commissioner's decision to deny Doleman's Application for Disability Insurance Benefits; and

(3) ORDERS that judgment in favor of the Commissioner issue forthwith.

ENTERED this 21st day of June, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE